# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs September 9, 2009

## STATE OF TENNESSEE v. HECTOR DIAZ PENA IN RE: AARON BONDING COMPANY, T BONDING COMPANY & AROUND THE CLOCK BONDING COMPANY, LLC

### Direct Appeal from the Criminal Court for Davidson County
### No. 2007-C-2427    Steve R. Dozier, Judge

---

### No. M2008-01271-CCA-R3-CD - Filed April 22, 2010

---

The appellants, Aaron Bonding Company, T Bonding Company, and Around the Clock Bonding Company, LLC, appeal the order of a final forfeiture against them, arguing that the trial court abused its discretion in issuing the order. Following our review of the record, we dismiss this appeal as being premature and remand the case to the trial court to issue an order of final disposition pursuant to Tennessee Rule of Civil Procedure 58, from which the appellants may then appeal.

#### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed; Case Remanded

J.C. MCLIN, J., delivered the opinion of the court, in which JERRY L. SMITH, J. joined. Norma McGee Ogle, J., filed a dissenting opinion.

James W. Tiller (on appeal and at hearing) and Peter J. Strianse (at hearing), Nashville, Tennessee, for the appellant, Hector Diaz Pena.

James W. Tiller (on appeal and at hearing), and Jeremy Gourley and Herbert R. Rich (at hearing), Nashville, Tennessee, for the appellant sureties, Aaron Bonding company, T Bonding Company, and Around The Clock Bonding Company, LLC.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; Victor S. Johnson III, District Attorney General; and John Zimmerman and Pamela Sue Anderson, Assistant District Attorneys General, for the appellee, State of Tennessee.

### OPINION

The chronology of events giving rise to this appeal is as follows. In 2005, the defendant, Hector Pena, was arrested for various drug offenses. While the record is void of any order by the trial court regarding the defendant's bond, it appears that the trial court set the defendant's bond at $75,000. The record is also void of a bond agreement, but it appears that the appellants collectively underwrote the defendant's bond. The Criminal Sessions Court of Davidson County[1] issued a *scire facias* on July 16, 2007, to notify the defendant and the appellants that they had 180 days to produce the defendant and show cause why the forfeiture should not become final. On August 28, 2007, the Davidson County Grand Jury indicted the defendant for conspiracy to deliver 300 pounds or more of marijuana, a Schedule VI controlled substance, within 1,000 feet of a child care center and for possession with intent to deliver over 70 pounds of marijuana within 1,000 feet of a child care center.

On January 24, 2008, the appellants filed a motion for a 180 day extension of time before the taking of final forfeiture. The trial court held a hearing on the matter the following day. Counsel for the appellants informed the court that the defendant was residing in Reynosa, Mexico with his sister. Counsel stated that the appellants would need assistance from the state and from Mexico to retrieve the defendant. The state responded that it could take five to seven years to retrieve the defendant. The assistant district attorney general further stated that "[she did not] think [they had] the sixty-plus hours of work it [takes] just preparing the documentation to make that happen, by one assistant in our office." The trial court granted a ninety day extension for the appellants to produce the defendant.

The trial court held a final forfeiture hearing on April 30, 2008. An agent of the appellants informed the court that the defendant was still in Mexico, to which the court replied "All right. I'll take a final forfeit." The criminal court minutes state, "It is, therefore, considered by the Court on Motion of the Attorney General that final judgment be entered herein against the [appellants] and that the State of Tennessee recover of the Defendant and [the appellants] the sum of $75,000, the penalty of the defendant's appearance bond, for which execution will issue, together with the costs of this prosecution."

Upon review, the record before this court does not include a final judgment in compliance with Tennessee Rule of Civil Procedure 58. While the appeal purports to be an appeal as of right, pursuant to Tennessee Rule of Appellate Procedure 3, appeals as of right must be from final judgments. Absent a final judgment, the appeal is premature. Bond forfeiture proceedings are civil in nature, so Tennessee Rule of Civil Procedure 58 governs what is required for a final judgment to be entered. *See State v. Donald Edward Lynch, In*

---

[1]     The technical record includes the *scire facias*, which lists the issuing court as the Criminal Sessions Court.

*re: X-Cell Bonding Company*, No. E2005-01362-CCA-R3-CD, 2006 WL 3102348, at *1 (Tenn. Crim. App., at Knoxville, Nov. 2, 2006). Rule 58 provides, in part, that

> Entry of a judgment or an order of final disposition is effective when a judgment containing one of the following is marked on the face by the clerk as filed for entry:
>
> (1) the signatures of the judge and all parties or counsel, or
>
> (2) the signatures of the judge and one party or counsel with a certificate of counsel that a copy of the proposed order has been served on all other parties or counsel, or
>
> (3) the signature of the judge and a certificate of the clerk that a copy has been served on all other parties or counsel.

Tenn. R. Civ. P. 58. The purpose of Rule 58's signature requirement is "to provide notice to all parties or their counsel before judgment becomes final to allow either party to file a timely appeal." *Id.*, Advisory Comm'n Cmts. The trial court read the order of forfeiture into the minutes of the court, but the minutes do not bear the signatures of the judge and the parties or a certificate that a copy of the order had been served on the parties. Without a final order in compliance with Rule 58 before us, we cannot review this appeal. *See State v. Howard C. Covington; In re: Memphis Bonding Company*, No. W2001-01575-CCA-R3-CD, 2002 WL 1592704, at *3 (Tenn. Crim. App., at Jackson, July 16, 2002). The dissent relies on *State v. Jose E. Bejar, In re: Liberty Bonding Company* to assert that the order of forfeiture as read into the minutes of the trial court is a final judgment for purposes of this appeal. *Bejar*, No. W2008-01369-CCA-R3-CD, 2010 WL 844769, at *2 (Tenn. Crim. App. at Jackson, March 10, 2010). However, in *Bejar*, the trial judge signed the minutes of the court, which is not the case here. Further, the record is absent a certificate or statement that all parties have been served with notice. Accordingly, we must dismiss the appeal as premature and remand the case to the Criminal Court of Davidson County for entry of an order of final disposition pursuant to Rule 58, from which the appellants may then appeal.

### Conclusion

Based on the foregoing and record as a whole, we are unable to review the case before us and therefore dismiss the appeal and remand to the trial court for entry of an order of final disposition pursuant to Rule 58.

_____
J.C. McLIN, JUDGE